IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROSS BARTLETT, and MARC BARTLETT, | ) ) ) | |
| Plaintiffs, | ) ) | 4:09CV3168 |
| v. | ) ) | |
| DEERE & COMPANY, a Delaware Corporation, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

Pending before the court is the plaintiffs' motion to compel, (filing no. 25). The court previously ordered the parties to meet and confer to determine which discovery requests remain at issue, and to attempt to resolve any remaining disputes without court intervention, (filing no. 38). The parties have filed a joint report on the outcome of those efforts,[1] (filing no. 39), and the report reveals the following:

1) The court must resolve Production Requests 19 and 24;

2) The plaintiffs will be revising Interrogatory 11, and Production Requests 8, 15, 16, 17, 18, 20, 21, and 23; and,

3) The defendant is considering whether it will respond to Interrogatories 13, 14, and 21, and Production Request 9, and it is obtaining information to respond to, or supplement its previous response to, Production Requests 10 and 22.

This memorandum and order will rule on defendant's objections to Production Requests 19 and 24, and set a schedule for the plaintiffs' and defendant's continuing obligations to resolve the pending discovery dispute.

---

[1] The court sincerely appreciates the parties' efforts to timely resolve their discovery dispute. Those efforts will likely limit the parties' cost of litigation; facilitate prompt trial preparation; allow this case to proceed to trial as scheduled; and curtail the court's intervention, and the associated time consumed, in matters that are likely best resolved by the parties themselves.

ANALYSIS

The complaint alleges a baler owned by the plaintiffs and manufactured by the defendant began to burn, resulting in fire damage to the baler, a tractor and a building owned by the plaintiffs. The plaintiffs seek recovery for their damages on theories of negligence and strict liability.[2] The plaintiffs' complaint alleges the origin and cause of the fire was a defective bearing in the bottom roller assembly of the baler. The plaintiffs' expert witness states:

> Based on my observations, fire damage patterns on the baler indicate that the fire originates as a result of a bearing failure in the bottom roller assembly on the left side of the machine. All other bearings were inspected as were the machine's electrical system components and other mechanical components and I found no evidence that any of them contributed to the cause of the fire.

Filing No. 17-1, at CM/ECF p. 4.

The parties were not able to resolve their dispute over Production Requests 19 and 24.

Request for Production 19 seeks:

> All governmental, industry or safety organization standards, codes and regulations used in the development and manufacture of the 2002 John Deere Model 567 Mega Wide Baler.

Request for Production 24 seeks:

> Any written customer complaints received by Deere & Company during the last seven (7) years regarding the 2002 John Deere Model 567 Mega Wide Baler.

The defendant objects to these requests as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unlimited in time and scope. Specifically, as to Request 19, the defendant objects because the request is not limited to the baler part which allegedly caused

---

[2] Although the plaintiffs' complaint also alleges a breach of warranty claim, the parties' Rule 26(f) report states the breach of warranty claim, and any associated defenses, can be dismissed, (filing no. 9).

the fire, but instead seeks "governmental, industry or safety organization standards, codes and regulations" for the baler, which includes each and all of its 550 component parts. As to Request No. 24, the defendant objects because the scope of the request includes customer complaints unrelated to fires or the baler part which allegedly caused the fire.

The Federal Rules of Civil Procedure allow the court to limit the frequency or extent of discovery when the discovery sought is unreasonably cumulative or duplicative or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." Crawford-El v. Britton, 523 U.S. 574, 599 (1998). The fact that a plaintiff's complaint alleges an expansive theory of liability does not necessarily justify expansive discovery. Discovery must be relevant to the plaintiff's actual claims or defenses. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1193 (10th Cir. 2009).

The plaintiffs' complaint alleges, and their expert witnesses state, that the cause of the fire at issue was a defect in a specific baler part–the bottom roller assembly. The plaintiffs have not explained how "governmental, industry or safety organization standards, codes and regulations used in the development and manufacture" of the baler as a whole, or any of its component parts other than the bottom roller assembly, are relevant or may lead to the discovery of information explaining why the baler's bottom roller assembly started to burn. Similarly, the plaintiff has failed to explain how customer complaints unrelated to fires, or to the baler part that allegedly caused the plaintiffs' fire, are relevant in proving a defective bottom roller assembly in the plaintiff's baler ignited or caused a fire.

"Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). As to Requests 19 and 24, the plaintiffs have failed to make this threshold showing. The defendant's objections are sustained, and plaintiffs' motion to compel production of documents responsive to Requests 19 and 24 will be denied.

The parties' meet and confer report (filing no. 39) stated the plaintiffs planned to revise Interrogatory 11, and Production Requests 8, 15, 16, 17, 18, 20, 21, and 23. The plaintiffs may also now wish to revise Requests 19 and 24. In addition, as of the time of the parties' meet and confer report, the defendant was still considering whether to respond to Interrogatories 13, 14, and 21, and Production Request 9, and it was obtaining information responsive to Production Requests 10 and 22. The discovery deadline is December 1, 2010, and the plaintiffs are seeking discovery which may ultimately be interpreted by the parties' experts and incorporated (or not) into their opinions. To avoid any further delay in the final disposition of this case, the court will enter a schedule for plaintiffs' service of revised discovery, defendant's responses to the revised discovery, and defendant's responses to the requests already pending.

IT IS ORDERED: The plaintiffs' motion to compel, (filing no. 25) is granted in part and denied in part as follows:

1) The plaintiffs' motion to compel defendant's response to Production Requests 19 and 24 is denied;

2) The plaintiffs' anticipated revised Interrogatory 11, and Production Requests 8, 15, 16, 17, 18, 20, 21, and 23, and their possible revised Production Requests 19 and 24 shall be served on or before October 5, 2010, with defendant's responses due on or before October 19, 2010.

3) On or before October 5, 2010:

   a) The defendant shall serve discovery, or supplemental discovery, in response to Production Requests 10 and 22; and

      b)      As to Interrogatories 13, 14, and 21, and Production Request 9, the defendant shall either serve responsive discovery or advise the plaintiffs that it will stand on its objections.

4)      The parties shall comply with all other discovery agreements set forth in their meet and confer report, (filing no. 39).

DATED this 21st day of September, 2010.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.